# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Reorganized Debtors. | Jointly Administered |
| | Related to Docket Nos. 13210, 13228, 13289, 13291, 13293, 13294, 13301, 13297, 13307, 13346 |

**ORDER GRANTING LITIGATION TRUSTEE'S
MOTION FOR AN OMNIBUS ORDER: (I) AUTHORIZING SUBSTITUTION OF THE
LITIGATION TRUSTEE AS PLAINTIFF IN CERTAIN ADVERSARY PROCEEDINGS
AND APPROVING PROCEDURES TO EVIDENCE SUCH SUBSTITUTIONS; (II)
MODIFYING THE STAY OF SUCH PROCEEDINGS; AND (III) EXTENDING THE
TIME TO EFFECT SERVICE IN SUCH PROCEEDINGS**

Upon consideration of the *Litigation Trustee's Motion For An Omnibus Order: (I) Authorizing Substitution Of The Litigation Trustee As Plaintiff In Certain Adversary Proceedings And Approving Procedures To Evidence Such Substitutions; (II) Modifying The Stay Of Such Proceedings; And (III) Extending The Time To Effect Service In Such Proceedings* (the "Motion"); the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and proper and adequate notice of the Motion having been given and no other or further notice being necessary; and good and sufficient cause appearing therefor, it is hereby

[1] The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Tribune Company (0355); California Community, LLC (5306); Chicago Tribune Company, LLC (3437); Chicagoland Publishing Company, LLC (3237); Chicagoland Television News, LLC (1352); forsalebyowner.com, LLC (4276); ForSaleByOwner.com Referral Services LLC (9205); Hoy Publications, LLC (2352); Internet Foreclosure Service, LLC (6550); KDAF, LLC (6969); KIAH, LLC (4014); KPLR, Inc. (7943); KRCW, LLC (1772); KSWB, LLC (7035); KTLA, LLC (3404); KTXL, LLC (3844); KWGN, LLC (5347); Los Angeles Times Communications LLC (1324); Magic T Music Publishing Company, LLC (6522); NBBF, LLC (0893); Oak Brook Productions, LLC (2598); Orlando Sentinel Communications Company, LLC (3775); Sun-Sentinel Company, LLC (2684); The Baltimore Sun Company, LLC (6880); The Daily Press, LLC (9368); The Hartford Courant Company, LLC (3490); The Morning Call, LLC (7560); TMS News and Features, LLC (2931); Tower Distribution Company, LLC (9066); Towering T Music Publishing Company, LLC (2470); Tribune 365, LLC (7847); Tribune Broadcasting Company, LLC (2569); Tribune Broadcasting Hartford, LLC (1268); Tribune Broadcasting Indianapolis, LLC (6434); Tribune Broadcasting Seattle, LLC (2975); Tribune CNLBC, LLC (0347); Tribune Direct Marking, LLC (1479); Tribune Entertainment Company, LLC (6232); Tribune Investments, LLC (6362); Tribune Media Services, LLC (1080); Tribune Media Services London, LLC (6079); Tribune ND, LLC (4926); Tribune Publishing Company, LLC (9720); Tribune Television New Orleans, Inc. (4055); Tribune Washington Bureau, LLC (1088); WDCW, LLC (8300); WGN Continental Broadcasting Company, LLC (9530); WPHL, LLC (6896); WPIX, LLC (0191); WPMT, LLC (7040); WSFL, LLC (5256); WXMI, LLC (3068). The corporate headquarters and the mailing address for each entity listed above is 435 North Michigan Avenue, Chicago, Illinois 60611.

103901986 v4

ORDERED that the Motion is hereby granted; and it is further

ORDERED that Marc S. Kirschner, as litigation trustee (the "Litigation Trustee") of the Tribune Litigation Trust (the "Litigation Trust") is hereby substituted as the successor-in-interest plaintiff in the adversary proceeding (the "LBO Lender Action") captioned *Official Committee of Unsecured Creditors v. JPMorgan Chase Bank, N.A., et al. (In re Tribune Co.)*, Adv. Proc. No. 10-53963 (Bankr. D. Del.) (KJC) solely with respect to Counts One, Two, Three, Six, Eight, Nine, and Eleven, and only as against the defendants listed on Exhibit B to the Motion (the "Non-Settling Step Two Payees") to the extent such Counts seek recovery of payments (i) under the Senior Loan Agreement on account of the Incremental Senior Loans or (ii) under the Bridge Loan Agreement, by inserting the name of the Litigation Trustee as the plaintiff into the caption (and elsewhere, as applicable); and it is further

ORDERED that the Litigation Trustee is hereby substituted as the successor-in-interest plaintiff in the adversary proceeding (the "LBO Preference Action") captioned *Official Committee of Unsecured Creditors v. JPMorgan Chase Bank, N.A., et al. (In re Tribune Co.)*, Adv. Proc. No. 10-55969 (Bankr. D. Del.) (KJC) solely with respect to Count One, and only as against the Non-Settling Step Two Payees to the extent Count One seeks recovery of payments (i) under the Senior Loan Agreement on account of the Incremental Senior Loans or (ii) under the Bridge Loan Agreement, by inserting the name of the Litigation Trustee as the plaintiff into the caption (and elsewhere, as applicable); and it is further

ORDERED that the Litigation Trustee is hereby substituted as the successor-in-interest plaintiff in the various adversary proceedings that are listed on Exhibit C to the Motion, as amended [D.I. 13228] (collectively, the "LBO Executive Actions," and together with the LBO Lender Action and the LBO Preference Action, the "Trust Substitution Adversaries") only with

103901986 v4

respect to the Trust Substitution Claims owned by the Litigation Trust, which are listed on

Exhibit C to the Motion, as amended [D.I. 13228], by inserting the name of the Litigation

Trustee as the plaintiff into the caption (and elsewhere, as applicable); and it is further

ORDERED that the Litigation Trustee is hereby authorized to file: (i) on the docket of the

LBO Lender Action a copy of the LBO Lender Action Trust Substitution Notice attached as

Exhibit D to the Motion; (ii) on the docket of the LBO Preference Action a copy of the LBO

Preference Action Trust Substitution Notice attached as Exhibit E to the Motion; (iii) on the

docket of each LBO Executive Action a copy of the LBO Executive Action Trust Substitution

Notice attached as Exhibit F to the Motion; and it is further

ORDERED that the Litigation Trustee is hereby substituted as: (i) a party to the

agreement between the Official Committee of Unsecured Creditors of Tribune Company and

Morgan Stanley & Co., together with its parents, subsidiaries, affiliates, predecessors,

successors, agents, employees, partners, and assignees (collectively, "Morgan Stanley"), dated

December 6, 2010, to toll the statute of limitations that would apply to various preference actions

(the "Tolled Morgan Stanley Claims") that may be brought on behalf of the Debtors' estates

against Morgan Stanley; and (ii) the prospective plaintiff with regard to the Tolled Morgan

Stanley Claims; and it is further

ORDERED that notwithstanding the foregoing and for the avoidance of doubt, nothing in

this Order is intended to decide, prejudice or impair any claims or defenses that any party may

have with respect to any of the claims for which substitution is granted, except that with respect

to ownership of the Trust Substitution Claims (and any duplicative claims asserted in *Official

Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al.*, No. 12-cv-

02652-WHP (S.D.N.Y.)) and the Tolled Morgan Stanley Claims, this Order constitutes a binding

3

103901986 v4

and final determination of the ownership of such claims.  This Order is not intended to affect or determine any rights to advancement, contribution, indemnity, offset or reimbursement, if any, that may exist in favor of any person under applicable law or with respect to any corporate bylaw or resolution, or any agreement or understanding, and this Court intends by this Order to make no determination with respect to such issues; and it is further

ORDERED that the stay of the Trust Substitution Adversaries is hereby modified in order to: (i) permit all parties in the Trust Substitution Adversaries to file notices and pleadings before the Judicial Panel on Multidistrict Litigation (the "JPML"); (ii) permit the Litigation Trustee to serve summonses and complaints in the Trust Substitution Adversaries; and (iii) extend such stay through and including the earlier of September 30, 2013, or the date on which the Trust Substitution Claims are transferred by order of the JPML; and it is further

ORDERED that the time to complete service of process in the Trust Substitution Adversaries is hereby extended through and including a date that is 120 days after the date of this Order.

Dated: Wilmington, Delaware
     March 20, 2013

                                    The Honorable Kevin J. Carey
                                    United States Bankruptcy Judge

103901986 v4